UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUDY DITCHEY,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MECHANICS BANK, et al.,<br><br>　　　　　Defendants. | Case No. 15-cv-04103-JSC<br><br>**ORDER RE: DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 19 |

Plaintiff Judy Ditchey filed this Employee Retirement Income Security Act of 1974 ("ERISA") action against her employer Defendant Mechanics Bank ("the Bank") seeking severance benefits in accordance with Defendant Mechanics Bank Change in Control Plan ("the Plan"). Defendants move to dismiss the action under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff has failed to demonstrate that she is an eligible Plan participant. Having considered the parties' submissions and having had the benefit of oral argument on January 7, 2016, the Court DENIES Defendants' motion. Defendants have not established as a matter of law that Plaintiff has incurred a "Termination" within the meaning of the Plan.[1]

## BACKGROUND

Plaintiff is the Executive Vice President and Director of Human Resources for Defendant Mechanics Bank. (Complaint at ¶ 4.) She has been with Mechanics Bank since 2006 and is a member of the Executive Committee. (*Id*.)

Mechanics Bank established the Plan in 2008 and amended it in 2014. (*Id*. at ¶ 7.) In 2015, Ford Financial Fund II purchased 69.3 percent of the Bank's equity. (*Id*. at ¶ 9.) Under the

---

[1] Both parties have consented to the jurisdiction of a magistrate judge pursuant to 28 U.S.C. § 636(c). (Dkt. Nos. 8, 17.)

terms of the Plan, this constituted a "Change in Control" and triggered a "Change in Control Period" commencing on April 30, 2015, and running for two years, until April 30, 2017. (*Id*.) The Plan provides severance benefits in the event of an "Involuntary Termination" during the "Change in Control Period." (*Id*. at ¶ 10.) Under the Plan, six different circumstances may give rise to an "Involuntary Termination" including "any material diminution in the scope of [] responsibility, duties, or authority."[2] (*Id*. at ¶ 10; Dkt. No. 20, Ex. A at 14.[3])

Plaintiff alleges that following the April 30 Change in Control her responsibilities, duties and authority have been greatly diminished in the areas of recruitment and hiring, setting compensation and compensation policy, managing pay and benefit programs, affirmative action programs, payroll policies, review and design of the Bank's organizational structures, and developing and implementing employment practices. (Complaint at ¶¶ 11-12.) The Plan requires that a participant provide Mechanics Bank with written notice of certain conditions which trigger an "Involuntary Termination" within 90 days of the triggering condition. (*Id*. at ¶ 14.) On July 27, 2015, Plaintiff submitted a letter to Mechanics Bank seeking severance benefits under the Plan because there had been a material diminution in the scope of her responsibility, duties or authority following the "Change in Control" which resulted in her Involuntary Termination. (*Id*. at ¶ 15; Dkt. No. 20 at 21.)

Under the Plan's terms, upon notification of an "Involuntary Termination" the Bank has 30

---

[2] When adjudicating a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court generally cannot consider matters outside of the complaint without converting the motion into a motion for summary judgment. *See* Fed. R. Civ. P. 12(b)(6). However, courts may consider documents alleged in a complaint and essential to plaintiff's claims. *See Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1295 (9th Cir. 1998); *Branch v. Tunnell*, 14 F.3d 449, 453-54 (9th Cir. 1994), *overruled on other grounds*, *Galbraith v. Cnty. of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002.). A court may also "take judicial notice of documents on which allegations in the complaint *necessarily* rely, even if not expressly referenced in the complaint, provided that the authenticity of those documents is not in dispute." *Tercica, Inc. v. Insmed Inc.*, No. C 05-5027 SBA, 2006 WL 1626930, at *8 (N.D. Cal. June 9, 2006). Defendants ask the Court to take judicial notice of two documents: (1) the Plan, and (2) Plaintiff's July 27, 2015 claim letter. (Dkt. No. 20, Exs. A & B.) Plaintiff does not oppose the request for judicial notice, and in fact, cites to these documents in her opposition brief. Accordingly, the request for judicial notice is GRANTED.

[3] Record citations are to material in the Electronic Case File ("ECF"); pinpoint citations are to the ECF-generated page numbers at the top of the documents.

days to cure the condition.  (Complaint ¶ 16; Dkt. No. 20 at 15.)  Mechanics Bank never provided a written response to Plaintiff's July 27 letter (although its counsel confirmed that it had until August 27 to do so), but Defendants have orally denied liability for her benefits claim. (Complaint at ¶ 17.)

Nearly two weeks after the 30-day response period ran, Plaintiff filed this action alleging a single cause of action under ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B), to recover Plan benefits.  Defendants thereafter filed the now pending motion to dismiss, which Plaintiff opposes.  (Dkt. Nos. 19 & 25.)  Plaintiff has also filed a motion for partial summary judgment seeking reimbursement of her attorneys' fees and costs associated with her claim for Plan benefits.  (Dkt. No. 22.)

## LEGAL STANDARD

A Rule 12(b)(6) motion challenges the sufficiency of a complaint as failing to allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A facial plausibility standard is not a "probability requirement" but mandates "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). For purposes of ruling on a Rule 12(b)(6) motion, the court "accept[s] factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the non-moving party." *Manzarek v. St. Paul Fire & Marine Ins. Co*., 519 F.3d 1025, 1031 (9th Cir.2008). "[D]ismissal may be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Johnson v. Riverside Healthcare Sys*., 534 F.3d 1116, 1121 (9th Cir. 2008) (internal quotation marks and citations omitted); *see also Neitzke v. Williams*, 490 U.S. 319, 326 (1989) ("Rule 12(b)(6) authorizes a court to dismiss a claim on the basis of a dispositive issue of law.").

Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make "a short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678 (quoting

Twombly, 550 U.S. at 555.) "[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Adams v. Johnson*, 355 F.3d 1179, 1183 (9th Cir.2004); *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir.2011) ("[A]llegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively"). The court must be able to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. "Determining whether a complaint states a plausible claim for relief ... [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 663–64.

## DISCUSSION

Defendants contend that Plaintiff's claim is barred because she failed to satisfy a condition precedent for Plan benefits —signing a general release within 30 days of her diminution in job duties—rendering her ineligible for any Plan benefits. Because Defendants' argument ignores the Plan's plain language it must denied.

The relevant Plan language is as follows:

> 2.  <u>Severance Benefits</u>.  You will be entitled to receive the severance benefits described herein (the "Severance Benefits") in the event of an "Involuntary Termination" during the "Change in Control Period", as those terms are defined in Exhibit A.  In exchange for the Severance Benefits described herein, and as a condition precedent to the receipt of the Severance Benefits, you will execute a general release of the Bank and its successors in the form attached as Exhibit B.  ***The general release must be executed, nonrevocable and delivered to the Bank within thirty (30) days of your Termination.***  Failure to meet such deadline will cause you to forfeit the Severance Benefits under this Letter.

(Dkt. No. 20 at 5 (emphasis added).)  Exhibit A to the Plan defines the relevant terms as follows:

> "Involuntary Termination" means that without your written consent one of the following has occurred within the Change in Control Period, resulting in your Termination: (i) any material diminution in the scope of your responsibilities, duties or authority or any material change in your title, position or reporting relationship, in any case, as in effect immediately prior to such Change in Control...With respect to the occurrence of any condition described above in clauses (i)....you must provide the Bank (or its successor) with written notice of the occurrence of the condition within ninety (90) days of the occurrence of such condition and the Bank (or its successor) shall have thirty (30) days to cure such

4

> condition. In the event the Bank does not sure such condition within the thirty (30) day period, you will be deemed Terminated.

(Dtk. No. 20 at 15.)

> "Terminate" or "Terminated" or "Termination" means a separation from service with the meaning of Treasury Regulation § 1.409A-1(h). Whether a separation from service has occurred is determined based on whether the facts and circumstances indicate that you and the Bank reasonably anticipated that no further services would be performed after a certain date. You will not be deemed to have separated from service if you continue to provide services to the Bank at an annual rate that is fifty percent (50%) or more of the services rendered, on average, during the immediately preceding thirty-six (36) months of employment with the Bank (or if employed by the Bank less than thirty-six (36) months, such lesser period); provided, however, that a separation from service will be deemed to have occurred if your service with the Bank is reduced to an annual rate that is less than twenty percent (20%) of the services rendered, on average, during the immediately preceding thirty-six (36) months of employment with the Bank (or if employed by the Bank for less than thirty-six (36) months, such lesser period). You shall be deemed to separate from service if you are on a bona fide leave of absence that exceeds six (6) months in duration and your right to reemployment with the Bank is not provided either by statute or by contract on the date immediately following such six (6) month period.

(*Id.* at 15-16.)

### A. The Plan Does Not Bar Plaintiff's Claim

Defendants argue that the Plan paragraph describing the "Severance Benefits" required Plaintiff to sign and deliver a "nonrevocable" release in the form attached as Exhibit B to the Plan within 30 days of the material diminution in her responsibilities, and that failure to satisfy this "condition precedent" waived her right to benefits. This argument, however, ignores the Plan's plain language. The paragraph describing Severance Benefits requires Plaintiff to deliver the release within 30 days of her "Termination." "Termination" is specifically defined in the Plan, Exhibit A. Defendants have made no effort, and the pleadings do not establish, that Plaintiff has indisputably suffered a "Termination" as defined in the Plan, that is, "as separation from service with the meaning of Treasury Regulation § 1.409A-1(h)." To the extent Defendants contend some other construction of the Plan applies, they have not established their interpretation as a matter of law; indeed, on the record before the Court Plaintiff's interpretation is more plausible. Accordingly, the motion to dismiss is DENIED.

### B. Plaintiff has Standing

Defendants' related argument that Plaintiff lacks standing to bring suit because she is not an eligible Plan participant as she has not submitted to release, is no more availing. "To satisfy Article III's case or controversy requirement, [a plaintiff] needs to show that he has suffered an injury in fact, that the injury is traceable to the challenged action of [the defendant], and that the injury can be redressed by a favorable decision." *Fortyune v. Am. Multi–Cinema, Inc.*, 364 F.3d 1075, 1081 (9th Cir. 2004). Defendants' contention that Plaintiff cannot establish standing since she did not sign a release is a merits argument which rests on a misconception of standing. Plaintiff has alleged that she was injured through the Involuntary Termination and Defendants refusal to pay her the severance benefits she contends that she is entitled to under the Plan. If Plaintiff prevails, she could recover these benefits. This is adequate to establish standing.

### CONCLUSION

For the reasons stated above, Defendants' motion to dismiss is DENIED. Defendants shall file their answer within 14 days.

**IT IS SO ORDERED.**

Dated: January 7, 2016

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge